UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW SHAWN BORKE,

      Plaintiff,                              No. 20-12774

v.                                        District Judge Matthew F. Leitman
                                            Magistrate Judge R. Steven Whalen

KELCY WARREN, ET AL.,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

On October 13, 2020, Plaintiff Matthew Shawn Borke filed a *pro se* civil complaint under 42 U.S.C. § 1985, alleging a violation of his rights under the First Amendment [ECF No. 1]. On February 8, 2021, Defendant's Kelcy Warren and Energy Transfer LP filed a motion to dismiss under Fed.R.Civ.P. 12(b)(2) and 12(b)(6) [ECF No. 12], and on February 18, 2021, Defendants Mayberry, Washburn and Leighton Security Services, Inc. filed a similarly based motion to dismiss [ECF No. 18]. Both have been referred for Reports and Recommendations under 28 U.S.C. § 636(b)(1)(B). Because Plaintiff has since filed an amended complaint, I recommend that both motions be DENIED WITHOUT PREJUDICE AS MOOT.

### I.   FACTS

On February 22, 2021, the Court entered an order giving Plaintiff the option of either filing an amended complaint or responding to the motions to dismiss:

> "Without expressing any view regarding the merits of the motion to dismiss, the Court will grant Plaintiff the opportunity to file and Amended Complaint in order to remedy the purported pleading defects that Defendants have raised in their motion to dismiss. Simply put, this is Plaintiff Borke's opportunity to allege any and all additional facts currently

known to him, that may cure the alleged pleading deficiencies in the original complaint." ECF No. 22, PageID.174-175.

The order directed the Plaintiff to inform the Court if he intended to amend his complaint, and if so, to file the amended complaint by March 19, 2021. *Id*., PageID.175. Finally, the order stated, "Upon the filing of an Amended Complaint, the Court will terminate without prejudice Defendants' currently pending motions to dismiss as moot." *Id*.

The Court extended the time for Plaintiff to file his amended complaint to March 31, 2021 [ECF No. 25]. Plaintiff timely filed his complaint on that date [ECF No. 26], and Defendants subsequently filed motions to dismiss the amended complaint [ECF Nos. 27 and 28]. Plaintiff's responses to those motions are not due until May 27, 2021 [ECF No. 29].

## II. DISCUSSION

An amended complaint supersedes all prior complaints. *See Parry v. Mohawk Motors of Michigan, Inc*., 236 F.3d 299, 306 (6th Cir. 2000) ("Plaintiff's first amended complaint, not his original complaint, was the legally operative complaint"); *In re Atlas Van Lines, Inc*., 209 F.3d 1064, 1067 (8th Cir. 2000) (when plaintiff files amended complaint, new complaint supersedes all previous complaints and controls case from that point forward). And, of course, the Court's February 22, 2021 order specifically provides that upon the filing of an amended complaint, the then-pending motions to dismiss [ECF Nos. 12 and 18] would be dismissed without prejudice.

## III. CONCLUSION

I therefore recommend that Defendants Kelcy Warren and Energy Transfer LP' motion to dismiss [ECF No. 12] and Defendants Mayberry, Washburn and Leighton Security Services, Inc.'s motion to dismiss [ECF No. 18] be DENIED WITHOUT

PREJUDICE AS MOOT.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: April 20, 2021

## CERTIFICATE OF SERVICE

 I hereby certify that a copy of the foregoing document was sent to parties of record on April 20, 2021, electronically and/or by U.S. mail.

           s/Carolyn M. Ciesla
           Case Manager to the
           Honorable R. Steven Whalen