United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 08/02/2023.

**Case Name:** Matthew Borke v. Kelcy Warren, et al
**Case Number:** 22-1270

**Docket Text:**
ORDER filed : We AFFIRM the district court's judgment and DENY Borke's motion for oral argument [6845427-2]. Mandate to issue, decision not for publication, pursuant to FRAP 34(a)(2)(C). Danny J. Boggs, Circuit Judge; Alice M. Batchelder, Circuit Judge and Julia Smith Gibbons, Circuit Judge. [22-1270, 22-1322, 22-1323]

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Mr. Matthew Shawn Borke
45140 Patrick Drive
Canton, MI 48187

**A copy of this notice will be issued to:**

Mr. Darryl Wade Anderson
Mr. Abraham Chang
Mr. Michael J. Cook
Ms. Kinikia D. Essix
Ms. Jaye Quadrozzi I

**NOT RECOMMENDED FOR PUBLICATION**

Nos. 22-1270/1322/1323

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Aug 2, 2023
DEBORAH S. HUNT, Clerk
```

| | |
|---|---|
| MATTHEW SHAWN BORKE, | ) |
|     Plaintiff-Appellant/Cross-Appellee, | ) |
| v. | ) |
| KELCY WARREN, Executive Chairman and Board Chairman, Energy Transfer, | ) |
|     Defendant-Appellee [22-1270], | ) ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| KEVIN JAMES MAYBERRY, Chief Executive Officer, Leighton Security; GARY WASHBURN, Operations Manager, Leighton Security; LEIGHTON SECURITY, | ) |
|     Defendants-Appellees/Cross-Appellants [22-1270/22-1322], | ) |
| ENERGY TRANSFER, | ) |
|     Defendant-Appellee/Cross-Appellant [22-1270/22-1323]. | ) |

O R D E R

Before: BOGGS, BATCHELDER, and GIBBONS, Circuit Judges.

Pro se litigant Matthew Shawn Borke appeals the district court's dismissal of his civil-rights action. Defendants Energy Transfer, Kevin Mayberry, Gary Washburn, and Leighton Security cross-appeal. Borke also moves for oral argument, but this case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). We affirm the district court's judgment.

Borke is a self-proclaimed "water protector," an environmental activist who views the land and water as sacred, and he was involved with a group called "Michigan Residents Against the E[nergy] T[ransfer] Rover Pipeline" in southeastern Michigan in 2017. Borke had previously protested Energy Transfer's Dakota Access pipeline project in 2016, and he alleges that Energy Transfer kept tabs on him afterwards.

While monitoring and protesting the pipeline project, Borke had numerous encounters with police and security personnel, and he alleges that police told his neighbors that he protested Energy Transfer's prior projects. This prompted Borke to move to a local campsite. During this time, Borke alleges, Leighton Security sent employees to infiltrate peaceful gatherings and protests. After three of Energy Transfer's bulldozers were damaged while parked in front of a property where Borke had recently stayed, a police officer requested that Borke speak with the county sheriff. He did so, and no charges were filed. Borke also describes multiple times in which police prevented him and his companions from going on protest hikes on public trails. Borke recounts instances in which he noticed potential contamination coming from the project area and either called government officials or personally collected samples. Borke also alleges that Leighton Security employees labeled him a saboteur in their security assessments in 2017 and 2020, which he discovered through FOIA requests.

In 2020, Borke sued Energy Transfer and its Chairman, Kelcy Warren, and Leighton Security and its CEO, Kevin Mayberry, and Operations Manager, Gary Washburn. In 2021, Borke amended his complaint, alleging that the defendants conspired to violate the constitutional rights of his political class of "water defenders," citing 42 U.S.C. § 1985(3). He also brought state-law claims for conspiracy, defamation, and falsely reporting a crime. The defendants moved to dismiss for lack of personal jurisdiction and failure to state a claim on which relief may be granted. *See* Fed. R. Civ. P. 12(b)(2), (6). A magistrate judge recommended holding that the district court lacked personal jurisdiction over Warren and Mayberry, that Borke failed to state a cognizable § 1985(3) claim, and that his state-law claims should be dismissed without prejudice. *Borke v. Warren*, No. 20-cv-12774, 2021 WL 7448500, at *14 (E.D. Mich. Dec. 27, 2021) (report and

recommendation). The district court adopted the magistrate judge's recommendations and dismissed Borke's complaint. The court dismissed his claims against Warren and Mayberry without prejudice on personal-jurisdiction grounds, dismissed his § 1985(3) claim against the remaining defendants with prejudice for failure to state a claim, and dismissed his state-law claims without prejudice after declining to accept supplemental jurisdiction. *Borke v. Warren*, No. 20-cv-12774, 2022 WL 525839, at *9 (E.D. Mich. Feb. 22, 2022).

Borke appeals, arguing that the district court erred by holding that he failed to plead a cognizable § 1985(3) claim and by dismissing Warren and Mayberry for lack of personal jurisdiction. Energy Transfer cross-appeals, arguing that the district court erroneously exercised personal jurisdiction over it and dismissed Borke's state-law claims without, instead of with, prejudice. Leighton, Mayberry, and Washburn cross-appeal as well, arguing that the district court should have dismissed all of Borke's claims with prejudice. Warren did not file a notice of appeal.

We review de novo a district court's dismissal for failure to state a claim on which relief may be granted. *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015). In determining whether a complaint states a claim, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Id.* To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Section 1985(3) creates a cause of action against those who conspire to deprive any person, or class of person, the equal protection of the laws or equal privileges and immunities under the laws. 42 U.S.C. § 1985(3); *Post v. Trinity Health-Michigan*, 44 F.4th 572, 579 (6th Cir. 2022). The Supreme Court has provided that § 1985(3) requires "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 580 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

Borke argues that his class of "water protectors" is protected under § 1985(3) because our precedents—*Conklin v. Lively*, 834 F.2d 543 (6th Cir. 1987), *Glasson v. City of Louisville*, 518 F.2d 899 (6th Cir. 1975), and *Cameron v. Bock*, 473 F.2d 608 (6th Cir. 1973)—recognize that

people sharing a political viewpoint can be a class under § 1985(3). But the Supreme Court has since held that "the term ['class'] unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors." *Bray v. Alexander Women's Health Clinic*, 506 U.S. 263, 269 (1993). And we recently recognized that § 1985(3) "reaches only conspiracies targeting a person based on a classification (like racial discrimination) that would receive heightened scrutiny under the Supreme Court's equal protection framework." *Post*, 44 F.4th at 580. Moreover, we have held that members of an environmental group attempting to block a pro-mining zoning change were not a protected class under § 1985(3). *Warner v. Greenebaum, Doll & McDonald*, 104 F. App'x 493, 498 (6th Cir. 2004) (per curiam). Borke contends that his class is discrete and insular because its members share a distinct philosophy, have longstanding bonds, and joined together for the purpose of asserting fundamental rights, but "water protectors" is not a class that receives heightened scrutiny under the Equal Protection Clause. Therefore, the district court properly dismissed Borke's federal claim with prejudice. Because Borke failed to state a claim against Energy Transfer, we do not need to address its alternative argument that the district court erroneously exercised personal jurisdiction over it.

The district court's dismissal of Borke's § 1985(3) claim with prejudice did not affect defendants Warren and Mayberry though, because the court dismissed the claims against them without prejudice on personal-jurisdiction grounds. In Mayberry's cross-appeal, he argues that the dismissal should have been with prejudice given that the district court dismissed Borke's sole federal cause of action for failure to state a claim for relief. Yet once the district court determined that it lacked personal jurisdiction over Mayberry, it was "powerless to proceed to an adjudication." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). Thus, if the district court was correct that Borke's complaint failed to establish personal jurisdiction over Mayberry, then it correctly dismissed the claims against him without prejudice. *See Intera Corp. v. Henderson*, 428 F.3d 605, 620-21 (6th Cir. 2005).

And the district court's personal-jurisdiction analysis was correct. Borke alleged only that Mayberry was Leighton's CEO and that he and his wife were listed as the company's officers in yearly regulatory filings with Michigan. *Borke*, 2021 WL 7448500, at *9. "Jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." *SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 356 (6th Cir. 2014). *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 550 (6th Cir. 2016). Borke's contention that the district court had personal jurisdiction over Warren fails for similar reasons, as he alleged only that Warren was responsible for the day-to-day operations of Energy Transfer, was a "dealmaker," and had sent a letter to two members of Congress about the Rover Pipeline. Those vague assertions do not show that Warren had a substantial connection to, or purposefully availed himself of the privilege of acting in, Michigan. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021). Plus, even if Borke had successfully showed that the court had jurisdiction over Warren, he still failed to state a claim against him.

Given that the district court did not err in its personal-jurisdiction rulings, Mayberry's cross-appeal is without merit. He moved to dismiss for lack of personal jurisdiction, and the district court correctly granted his motion. *See Borke*, 2022 WL 525839, at *4-5. Had he wished to proceed to the merits of Borke's claims and obtain a dismissal with prejudice, he could have waived his jurisdictional arguments. *See Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011). Instead, he contested jurisdiction and got precisely what he asked for from the district court.

The cross-appellants also argue that the district court should have dismissed Borke's state-law claims with prejudice. But when a district court declines to accept supplemental jurisdiction over state-law causes of action after rejecting all federal claims in a case, the dismissal is without prejudice "to allow the state courts to decide state issues." *Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021), *cert. denied*, 143 S. Ct. 88 (2022).

Nos. 22-1270/1322/1323
- 6 -

For these reasons, we **AFFIRM** the district court's judgment and **DENY** Borke's motion for oral argument.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk